U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 14 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA LOHMANN | § | |
| | § | |
| VS. | § | NO. 4:11-CV-153-A |
| | § | (NO. 4:08-CR-147-A) |
| | § | |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Joshua Lohmann, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant also filed a separate memorandum of law ("Memorandum") in support of his motion pursuant to § 2255, and the government filed responses to both the original motion and the Memorandum. Movant also filed a reply to the government's supplemental response. Having now reviewed all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant on November 14, 2008, pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). On February 27,

2009, the court sentenced movant to a term of imprisonment of 210 months, to be followed by a four-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Lohmann, 364 F. App'x 167 (5th Cir. Feb. 11, 2010). Movant did not seek certiorari review.

II.

Grounds of the Motion

Movant's first ground for relief is that his counsel, Derek Brown ("Brown"), provided ineffective assistance prior to movant's guilty plea. As the second ground, movant alleged that the court abused its discretion by forcing movant to keep Brown as his attorney. Movant alleged as the third ground for relief that Brown rendered ineffective assistance at movant's guilty plea, up to and including sentencing. Finally, the fourth ground alleged ineffective assistance of counsel in post-conviction proceedings including direct appeal.

Grounds one, three, and four expressly alleged claims of ineffective assistance of counsel, while the second ground incorporated similar allegations, and many of the specific allegations overlap. Thus, rather than describe the factual basis alleged for each ground of relief, the court will instead

2

group together similar factual allegations and address them together. The factual basis for the claims are derived from the original motion and from the Memorandum.

Movant alleged that Brown denied him "meaningful conference" during the entirety of his representation. Mot. at 5. Brown also allegedly failed to investigate or object to the drug quantities attributed to movant, failed to object at arraignment, and failed to investigate or challenge the factual allegations in the indictment and presentence report with "contradictory evidence available in the discovery packet." Mot. at 8. Brown allegedly refused to utilize "documentary evidence" provided from movant's co-defendants showing movant was not responsible for the drug quantities alleged in the indictment. Mot. at 5. Movant contended that an interview with Melinda Barney ("Barney"), one of movant's co-defendants, prior to the plea agreement would have provided Brown with the same information Barney later shared with government agents in January 2009, and that further investigation would have revealed information that came out at sentencing regarding the drug transactions and relationships among the co-defendants.

Brown also allegedly failed to help movant prepare for "truthful allocution," Mem. 25, failed to provide mitigation

3

evidence, and failed to object to the court's order that his federal sentence run concurrent with his related state sentences. Movant also contended Brown was in contempt of court for failing to comply with the court's order to confer with movant and submit a written report in December 2008.

Movant also alleged ineffective assistance related to the filing of his appeal. Movant maintained that Brown failed to raise on appeal the issues raised in the instant motion, refused to contact movant immediately after entry of judgment, thus forcing movant to file his own notice of appeal, and was uncooperative in providing movant a copy of his client file for movant's preparation of his § 2255 motion. Movant further alleged that Brown had not written or contacted him since February 27, 2009; that such inaction deprived movant of the opportunity to reply to "Brown's Anders brief" in his appeal, Mot. at 9; and that Brown failed to allow movant any input into the appeal, resulting in Brown failing to raise on appeal issues that movant wanted to raise.

Finally, movant claimed that the court abused its discretion when it failed to acknowledge the "refuted evidence in the [presentence report]" and accepted the government's version. Mot. at 6. The court also allegedly abused its discretion by

failing to award movant acceptance of responsibility. Movant also alleged that although he sent the court several letters complaining about Brown, the court abused its discretion when it refused to sanction Brown or assign movant new counsel, thus denying him a meaningful defense.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

5

IV.

## None of the Grounds Has Merit

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697.

Prejudice in the context of a plea agreement requires movant to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet

the standard set forth by Strickland.

Movant alleged that Brown failed to investigate or consider documentary evidence at all stages of the proceedings. A defendant alleging that his attorney failed to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant failed to make such a showing. Movant did not allege any information Brown could have uncovered in an investigation or in any interviews or how such unspecified information would have changed the outcome of the proceeding, nor did he identify the "documentary evidence" he contended Brown should have considered or how it would have changed the outcome of the case. Movant's failure to allege any of the aforementioned with specificity defeats these claims.

Similarly, movant alleged that "[f]urther investigation would have revealed what came out in the sentencing hearing" regarding the conspiracy and drug sales. Mem. at 19. However, the information presented at sentencing on those topics was elicited by Brown during questioning of the government agents working on the case, and was the subject of Brown's objections to the presentence report. Clearly Brown was aware of the

7

information and attempted to use it to movant's advantage at sentencing.

As pertaining to movant's claim that Brown failed to use unspecified "documentary evidence" to object to the drug quantities in the indictment, movant also cannot overcome the hurdle raised by his guilty plea. The factual resume included stipulated facts concerning the drug quantity attributed to movant in the indictment. Movant testified at his rearraignment hearing that he had read and signed the factual resume and plea agreement, had discussed them with Brown before signing, and understood the legal meaning of the documents. Rearraignment Tr. at 31-32. Movant's representations in court, which carry a "strong presumption of verity," cannot be overcome by conslusory assertions. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).

To the extent movant contended Brown failed to ever challenge the drug amounts attributed to him, the record contradicts this assertion. Brown filed objections to the drug quantities attributed to movant in the presentence report, and persisted with those challenges at the sentencing hearing. During the hearing, Brown questioned two witnesses at length concerning the basis of the drug quantities attributed to movant, and argued to the court that those quantities were inaccurate.

8

That Brown was unsuccessful does not warrant a finding of ineffective assistance. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam). Movant's conclusory assertion that Brown should have used unspecified "documentary evidence" is insufficient to state a constitutional claim. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Movant's contention concerning Brown's failure to object at his arraignment is similarly deficient. At arraignment movant only entered a plea of "not guilty." No opportunity was available for Brown to make or raise objections, nor has movant alleged what objections he contended Brown should have raised. This conclusory argument fails. See id.

The record further contradicts movant's contention that Brown failed to help him prepare for truthful allocution. When asked if he wanted to tell the court anything related to sentencing, movant stated:

> I just want to say that I'm sorry for what I've done here, and I just want to say that I've learned from what I've done, and I feel like--I don't know--I mean, I'm going to do better, and I'm just sorry.

Sentencing Tr. at 34. Brown had already argued to the court his objections concerning drug quantities and the conspiracy relationships. Movant has failed to allege what he now believes

9

Brown should have done differently, or how, absent Brown's alleged errors, the result of the proceeding would have been different. Movant similarly failed to identify the mitigation evidence he now contends Brown should have provided or how he was prejudiced by such omission. Conclusory assertions such as these are insufficient to raise a constitutional claim.

Movant's complaint that Brown failed to argue that his federal sentences should run concurrently with all of his state sentences is also without merit. At the time of sentencing movant had two pending state cases related to his federal offense, one pending state case that was unrelated, and a pending parole revocation. The court ordered the sentence to run concurrently with the related cases, but consecutive to the remaining sentences. Sentencing Tr. at 73-4. "Whether a sentence imposed should run consecutively or concurrently is committed to the sound discretion of the district court." United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991) (per curiam), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-3 (5th Cir. 2006). Movant has not described what non-frivolous arguments he contends Brown should have raised regarding the sentences, nor has he shown how he was prejudiced by Brown's failure to make such an argument.

10

Movant's claims concerning Brown's court-ordered meetings with him fail to state any constitutional violation. Movant sent letters to the court complaining about Brown on December 9, 2008, and January 26, 2009. In response to each letter, the court ordered Brown to meet with movant and file a report with the court concerning the meeting. In each report, Brown indicated he had met with movant and addressed movant's concerns, and also detailed the discussions he had with movant. Although Brown failed to timely file the second report, when ordered to show cause why he should not be sanctioned, Brown satisfied the court that the failure was inadvertent, and he immediately filed the required report. Movant filed nothing further to express his dissatisfaction with Brown. During his rearraignment, movant told the court that he and Brown had discussed application of the sentencing guidelines, factual resume, plea agreement, and cooperation agreement with Brown. Rearraignment Tr. at 13, 31. The court also asked movant about Brown's representation:

> THE COURT: . . . Mr. Lohmann, are you satisfied with the legal representation you've received from Mr. Brown?
>
> DEFENDANT LOHMANN: Yes, sir.
>
> THE COURT: Do you have any complaint at all with him as your attorney?

11

>       DEFENDANT LOHMANN:  No, sir.

Id. at 55.  Although the court gave movant the opportunity to express whatever dissatisfaction he had with Brown's representation, movant offered no complaints.  Movant's after-the-fact, self-serving allegations, contradicted by the record in this case, cannot support a claim of ineffective assistance of counsel.  See United States v. Cothran, 302 F.3d 279, 284 (5th Cir. 2002).

Movant's complaints concerning Brown's representation on appeal are similarly frivolous.  To prove prejudice on appeal under the Strickland standard requires movant to show "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different."  United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999) (brackets in original) (internal citations omitted). Movant has failed to make such a showing.

Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure require that a notice of appeal be filed, as applicable here, within fourteen days of the entry of judgment.  Here, the court entered judgment on March 3, 2009.  Brown filed a notice of appeal on March 6, 2009--well within the fourteen-day time period required by the Federal Rules.

Contrary to movant's claims, Brown did not file a brief

pursuant to Anders v. California, 386 U.S. 738 (1967). An Anders brief is filed when a court-appointed attorney "seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit." United States v. Flores, 632 F.3d 229, 231 (5th Cir. 2011). Brown did not file an Anders brief, but rather filed an appeal challenging the court's failure to award movant a reduction for acceptance of responsibility. This claim is without merit.

Movant's claims that Brown failed to argue on appeal the issues raised in the instant motion, or to allow movant input into the appeal process, likewise fail to establish a claim of ineffective assistance. Counsel is not required to press every non-frivolous argument which a criminal defendant wants raised on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel is required only to raise "[s]olid, meritorious arguments based on directly controlling precedent." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (citations omitted). The court has found none of the issues raised in the instant motion to have merit; thus, even if movant had been allowed input into the appeal, he has failed to show any meritorious arguments Brown could have raised or how the outcome would have been different.

Although movant complained that Brown was uncooperative in providing a copy of his client file for movant to prepare the

13

instant motion, the court granted movant's motion to compel production of the file to movant, and Brown filed a notice with the court indicating his compliance with the court's order. The court also afforded movant additional time to file the Memorandum so that he could use the materials provided by Brown. This claim is without merit.

Movant's final claims pertain to his contentions that the court abused its discretion in failing to accept "refuted evidence in the presentence report", Mot. at 6, failing to award movant acceptance of responsibility, and failing to remove Brown after movant's complaints. The court has already addressed movant's letters and complaints concerning Brown, and Brown's responses thereto, and found the same to be without merit. The court need not revisit those issues here.

As to movant's remaining contentions concerning the court's alleged abuse of discretion, the failure to award acceptance of responsibility and the court's resolution of movant's objections to the presentence report were raised on direct appeal and decided adversely to movant. See Lohmann, 364 F. App'x 167. Issues raised and disposed of in an appeal from a judgment of conviction may not be considered in a motion pursuant to § 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

V.

ORDER

Therefore,

The court ORDERS that the motion of Joshua Lohmann to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 14, 2011.

JOHN MCBRYDE
United States District Judge

15